**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**CHRISTOPHER TURNER**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER TURNER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  49A04-1304-PC-168 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Stanley E. Kroh, Master Commissioner
Cause Nos. 49G04-0512-PC-211803, 49G04-0601-PC-1765

December 17, 2013

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-petitioner Christopher Turner appeals the denial of his petition for post-conviction relief. Turner's sole issue on appeal is that his trial counsel was ineffective because counsel failed to convey various proposed plea agreements to him that the State had allegedly offered.

Notwithstanding Turner's contention, the evidence demonstrates that he failed to prove that his trial counsel neglected to inform him of any plea offers that the State had offered. Moreover, Turner did not demonstrate that he would have pleaded guilty in accordance with various offers that the State had allegedly made to him. Thus, we affirm the denial of Turner's petition for post-conviction relief.

## FACTS

The relevant facts, as reported in Turner's direct appeal, are that in November 2005, Turner was charged with committing Criminal Confinement,[1] a class D felony, Battery,[2] a class A misdemeanor, and Domestic Battery,[3] a class A misdemeanor, against his girlfriend. The State also charged Turner with Interference with Reporting a Crime,[4] a class A misdemeanor (the 211803 Charges). Thereafter, a warrant was issued for Turner's arrest.

---

[1] Ind. Code § 35-42-3-3.

[2] I.C. § 35-42-2-1.

[3] I.C. § 35-42-2-1.3.

[4] Ind. Code § 35-45-2-5.

2

Before Turner was arrested on the warrant, he again became violent with his girlfriend in January 2006, and was charged with Burglary,[5] a class B felony, Robbery,[6] a class B felony, Criminal Confinement,[7] a class B felony, Battery,[8] a class C felony, and Intimidation,[9] a class C felony (the 1765 Charges).

At a pretrial conference that was conducted on September 6, 2006, various plea offers were discussed, including charges that were pending against Turner under other cause numbers. Turner refused all plea offers because he had a total of four separate pending cases and "most of the plea bargains offered . . . required [him] to plead guilty to two open cases that he insisted he did not do."[10] Appellant's Br. p. 6.

However, on December 15, 2006, Turner pleaded guilty to burglary, confinement, battery, and intimidation that stemmed from the January attack. Turner also pleaded guilty to the confinement charge that he had committed in November. Sentencing was left "open to the court." Id. at 5.

At a sentencing hearing on January 5, 2007, which combined all charges, the trial court sentenced Turner to twenty years for class B felony burglary and to twenty years on

---

[5] Ind. Code § 35-43-2-1.

[6] I.C. § 35-42-5-1.

[7] I.C. § 35-42-3-3.

[8] I.C. § 35-42-2-1.

[9] I.C. § 35-45-2-1.

[10] The charges in the other two open cases included rape, confinement, residential entry, domestic battery, battery, and robbery. Appellant's Br. p. 2.

the class B felony confinement count to run consecutive to each other, and to eight years for class C felony intimidation to run concurrent with those charges. The trial court also determined that the class C felony battery conviction merged into the class B felony criminal confinement count. Turner was also sentenced to three years for class D criminal confinement, to run consecutive to the sentences on the January offenses, thus resulting in an aggregate term of forty-three years. Turner v. State, No. 49A02-0701-CR-124, slip op. at 4 (Ind. Ct. App. Oct. 18, 2007).

Turner directly appealed to this court, challenging the appropriateness of his sentence, which we subsequently affirmed. Id. at 6-8. Thereafter, in April 2012, Turner filed an amended petition for post-conviction relief,[11] alleging, among other things, that his trial counsel, Ben Jaffe, was ineffective for allegedly failing to inform him of a proposed plea agreement that the State had offered. Turner alleged that Jaffe did not show him a plea offer that "would have disposed of two cases for fifteen years concurrent." Appellant's Br. p. 9. Turner also raised several freestanding claims of error, prosecutorial misconduct, and the voluntariness of his guilty plea.

At an evidentiary hearing on Turner's petition that commenced on May 15, 2012, Turner called Jaffe to testify. Jaffe had been appointed to represent Turner for most of the pretrial period on the 211803 Charges, and for the entire period on the pretrial 1765 charges. Jaffe also represented Turner during the guilty plea and sentencing proceedings in both cases.

[11] Turner originally filed his petition for post-conviction relief on April 20, 2009, which he later amended in 2011 and again in 2012.

4

Jaffe testified that he communicated all plea offers to Turner, spoke with him on numerous occasions, represented him at several pretrial conferences, believed that Turner knew everything that was occurring with regard to his cases, and was aware of all options. Appellant's App. p. 79. Jaffe testified that there was a time that Turner became angry and stated that he "wouldn't plead guilty to anything." Tr. p. 75.

Jaffe believed that Turner clearly understood the proceedings and was able to assist in his defense. Jaffe also confirmed that he and Turner had reviewed the presentence report, made some corrections, presented argument at sentencing, and presented testimony from Turner's sister. Turner apologized at the sentencing hearing for what he had done and claimed that he was under the influence of drugs and alcohol when he committed the offenses.

In addition to Jaffe's testimony, Turner introduced the guilty plea hearing and sentencing transcripts, and a transcript from the September 6, 2006, pretrial conference. Following the hearing, the post-conviction court denied Turner's request for relief on March 12, 2013, concluding that Turner failed to establish that his trial counsel was ineffective. More particularly, the post-conviction court found that Turner did not prove that Jaffe had failed to inform him of any plea agreement offers. Appellant's App. p. 86. The post-conviction court commented that "Mr. Jaffe believes that he did inform Turner of every offer made by the State. Petitioner presented no testimony or evidence to the contrary. There is no deficient performance here, and this claim provides no basis for relief." Appellant's App. p. 86.

The post-conviction court also concluded that Turner failed to demonstrate that he would have pleaded guilty pursuant to any plea agreement that the State had offered. As a result, the post-conviction court determined that Turner suffered no prejudice. Turner now appeals.

DISCUSSION AND DECISION

I. Standard of Review

A post-conviction relief petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). The post-conviction court's denial of relief will not be disturbed unless the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002).

When reviewing ineffective assistance of counsel claims, we begin with the presumption that counsel rendered adequate legal assistance. Stevens v. State, 770 N.E.2d 739, 746 (Ind. 2002). To rebut this presumption, the petitioner must demonstrate both that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Many claims of ineffective assistance of counsel can be resolved by a prejudice inquiry alone. Carr v. State, 728 N.E.2d 125, 131 (Ind. 2000).

6

## II. Ineffective Assistance of Trial Counsel

In an effort to establish that his trial counsel was ineffective, Turner alleged that Jaffe "failed to show [him] the paper with the plea bargain . . . where he could take 15 years on the burglary-robbery and leave the other charges pending." Appellant's Br. p. 9. However, the post-conviction court determined otherwise and found that

> Turner has presented no evidence that trial counsel failed to convey a plea offer to him. Mr. Jaffe believes that he did inform Turner of every offer made by the State. Petitioner presented no testimony or evidence to the contrary. There is no deficient performance here, and this claim provides no basis for relief.

Appellant's App. p. 86.

As noted above, Jaffe testified that when the prosecutor made plea offers, he informed Turner of them. Although Turner asserts that Jaffe did not make him aware of the offer to plead guilty to burglary and robbery in exchange for a fifteen-year sentence, trial counsel testified to the contrary, stating that "Turner refused to plead guilty." Tr. p. 83. Jaffe also remembered that Turner told him that "he was not going to plead to anything." Id. Jaffe also testified at the post-conviction hearing that if Turner had stated that he would be willing to plead guilty on one case and permit the other cases to remain pending, the State would have been "happy" to accept Turner's guilty plea. Id. at 81-82. However, Jaffe noted that Turner was not going to plead guilty to any offense under any cause number.

Jaffe's testimony is also corroborated by the fact that on the plea offer in question, the space next to "defendant" "refuses" is marked with an "X." Appellant's App. p. 247.

7

Although Turner had not signed the refusal, Jaffe testified that Turner had appeared "a little paranoid" and "that sort of attitude" can cause an individual to be "unwilling to sign something." Tr. p. 62. Jaffe further testified that he had handed in pre-trial conference memoranda containing plea offers without signatures in the past. Id. Thus, the documentation regarding the plea offers is consistent with Jaffe's testimony that he had presented all plea offers to Turner and that they had been refused.

For all these reasons, Turner has failed to show that his trial counsel was ineffective. Thus, we conclude that the post-conviction court properly denied Turner's request for relief.

The judgment of the post-conviction court is affirmed.

NAJAM, J., and CRONE, J., concur.